1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JANET DENISE PHELPS,                    No.  2:14-cv-2794 MCE GGH PS

12                  Plaintiff,

13          v.                               ORDER

14   STATE OF CALIFORNIA SUPERIOR
     COURT COUNTY OF SOLANO, et al.,
15

16                  Defendants.

17

18          Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma

19   pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule

20   302(21), pursuant to 28 U.S.C. § 636(b)(1).

21          Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. §

22   1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

23   SCREENING OF THE COMPLAINT

24          The determination that plaintiff may proceed in forma pauperis does not complete the

25   required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at

26   any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

27   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

28   an immune defendant.

                                                   1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint must contain more than a "formulaic recitation of the elements of a cause of

9    action;" it must contain factual allegations sufficient to "raise a right to relief above the

10   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

11   "The pleading must contain something more...than...a statement of facts that merely creates a

12   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

13   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

14   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

15   v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

16   S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

17   the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

18   Id.

19   Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92

20   S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

21   Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff

22   proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.

23   See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

24   Plaintiff has filed this action due to her displeasure with the outcome of her state court

25   action against defendant Misthos, which was dismissed by the superior court as a terminating

26   sanction based on her failure to respond to discovery.  That judgment was affirmed with

27   modification of damages by the Court of Appeals.  See Phelps v. Misthos, 2012 WL 5989196

28   (Nov. 29, 2012).  The present complaint contends that the trial court in that case failed to

1    accommodate her "severe disabilities," under the ADA, and in doing so denied her "fundamental

2    right of access to the courts." (Compl. at 1, 2.)  Plaintiff also re-alleges the underlying facts in

3    that case. (Id. at 3.)  Plaintiff names as defendants the Superior Court of Solano County, the State

4    Court of Appeals, various judges sitting on those courts, her opponent in the state court action, the

5    attorney involved in the contract dispute underlying that action, as well the attorney's law partner

6    and their law firm.

7         First, judges are absolutely immune from civil liability for damages for acts performed in

8    their judicial capacity.  Pierson v. Ray, 386 U.S. 547, 553-559, 87 S. Ct. 1213 (1967).  An act is

9    "judicial" when it is a function normally performed by a judge and the parties dealt with the judge

10   in his judicial capacity.  See Stump v. Sparkman, 435 U.S. 349, 362, 98 S. Ct. 1099 (1978).  The

11   complaint alleges that both the superior court and the appellate court judges denied plaintiff her

12   right access the courts by their refusal to accommodate her disabilities, in violation of the ADA.

13   Since the alleged actions by the superior court and appellate court judges were made in their

14   judicial capacity, defendants Beeman, Banke, Marchiano, and Margulies must be dismissed.

15        Aside from potential claims against the superior and appellate courts, because the state

16   court proceedings are no longer ongoing, but have resolved adversely to plaintiff, there is no

17   federal jurisdiction which would permit this court to interfere in regard to the remaining

18   defendants.  Plaintiff's allegations of errors in the state court are barred by the Rooker–Feldman

19   doctrine because they expressly entail review of a state court's prior judgment.

20        A federal district court does not have jurisdiction to review legal errors in state court

21   decisions.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303,

22   1311–1312, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 44 S. Ct.

23   149, 150, 68 L.Ed. 362 (1923).  This doctrine has not aged well with time.  In recently advocating

24   the abolishment of a doctrine not at issue here, Justice Stevens characterized the lack of vitality in

25   Rooker–Feldman:

26            Rather than preserving whatever vitality that the "exception" has
             retained as a result of the Markham dicta, I would provide the
27            creature with a decent burial in a grave adjacent to the resting place
             of the Rooker–Feldman doctrine. See Lance v. Dennis, 546 U.S.
28            459, ——, 126 S.Ct. 1198, 1204, 163 L.Ed.2d 1059 (2006)

3

1    (STEVENS, J., dissenting).

2    Marshall v. Marshall, 547 U.S. 293, 318, 126 S. Ct. 1735, 1752, 164 L.Ed.2d 480 (2006)

3    (Stevens, J. dissenting).  However, while consigning Rooker–Feldman to life support, a majority

4    of the Supreme Court has not laid the doctrine to rest in the grave prepared by Justice Stevens:

5    
6    
7    
> Rooker–Feldman, we explained, is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S., at 284, 125 S.Ct. 1517, 161 L.Ed.2d 454.

8    

9    Lance v. Dennis, 546 U.S. 459, 464, 126 S. Ct. 1198, 1201, 163 L.Ed.2d 1059 (2006) quoting

10   Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161

11   L.Ed.2d 454 (2005).

12       The 9th Circuit has also clarified the doctrine in Noel v. Hall, 341 F.3d 1148 (9th Cir.

13   2003). A federal plaintiff who asserts as a legal wrong an allegedly erroneous decision by a state

14   court, and seeks relief from a state court judgment based on that decision, is barred by Rooker–

15   Feldman because the federal court lacks subject matter jurisdiction.  Id. at 1164.  If, on the other

16   hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse

17   party, Rooker–Feldman does not bar jurisdiction.  Id.  But even if a federal plaintiff is expressly

18   seeking to set aside a state court judgment, Rooker–Feldman does not apply unless a legal error

19   by the state court is the basis for that relief.  See Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140

20   (9th Cir. 2004).  Nevertheless, a federal district court may not examine claims that are

21   inextricably intertwined with state court decisions, "even where the party does not directly

22   challenge the merits of the state court's decision but rather brings an indirect challenge based on

23   constitutional principles." Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n. 4 (9th Cir.2003).  See

24   Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d

25   454 (2005) (noting that the Rooker–Feldman doctrine bars "cases brought by state-court losers

26   complaining of injuries caused by state-court judgments rendered before the district court

27   proceedings commenced and inviting district court review and rejection of those judgments").

28   ////

4

1    Particularly pertinent is authority to the effect that judgments based on terminating

2    sanctions for discovery disobedience are barred by Rooker-Feldman and are considered *res*

3    *judicata*. Warkentin v. Countrywide Home Loans, 2011 WL 3882774, *1-2 (E.D. Cal. Sep. 2,

4    2011). Under California law, a dismissal ordered as a discovery sanction is considered a

5    dismissal with prejudice and a judgment on the merits. Id. Rooker–Feldman survives enough to

6    require dismissal of all of the defendants except the superior and appellate courts, as discussed

7    *infra*.

8    Furthermore, the allegations against defendant Misthos are the same as those raised in the

9    state court action and are therefore barred by res judicata. (Compl. at 3.) "Res judicata bars a suit

10   when 'a final judgment on the merits of an action precludes the parties or their privies from

11   relitigating issues that were or could have been raised in that action.'" ProShipLine Inc. v. Aspen

12   Infrastructures Ltd., 609 F.3d 960, 968 (9th Cir.2010) (quoting Allen v. McCurry, 449 U.S. 90,

13   94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Res judicata is applicable "when there is '(1) an

14   identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties.'"

15   ProShipLine Inc., 609 F.3d at 968 (quoting Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th

16   Cir.2002)).

17   Here, plaintiff alleges multiple contract violations related to an agreement concerning a

18   real estate lease with an option to purchase, entered between plaintiff as the lessee/prospective

19   purchaser and Misthos as the lessor/prospective seller. These same allegations were raised in the

20   state court proceedings.

21   The complaint also names David Timko, the attorney plaintiff claims represented herself

22   and Mr. Misthos during the lease agreement process. Although Mr. Timko was not a party to the

23   state court action, plaintiff raises the same claims against this attorney that she raised against

24   plaintiff in state court. Aside from the Rooker-Feldman bar, plaintiff has not stated a federal

25   claim against defendant Timko, but asserts only contract violations under state law.

26   A federal court is a court of limited jurisdiction, and may adjudicate only those cases

27   authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co., 511

28   U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). U.S. Const. Art. III, § 1 provides that the judicial

5

1  power of the United States is vested in the Supreme Court, "and in such inferior Courts as the

2  Congress may from time to time ordain and establish."  Congress therefore confers jurisdiction

3  upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards,

4  504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be

5  raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer

6  Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

7        The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal

8  question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject

9  matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.

10  Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible

11  assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.

12  Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as

13  to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.

14  Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).[1]

15        Plaintiff has failed to allege a violation of the constitution or a federal statute vis a vis

16  defendant Timko.  Therefore, this defendant should be dismissed.

17        The complaint also names Timko and LaSorsa law firm and Linda LaSorsa as defendants;

18  however, the complaint contains no allegations against them.

19        Stripped to its essence, this action is one for federal court review of state court

20  proceedings.  The court finds the instant action amounts to an attempt to litigate in federal court

21  matters that are inextricably intertwined with state court decisions.  Accordingly, the court will

22  recommend that defendants Misthos, Timko, LaSorsa, and Timko and LaSorsa Law Firm be

23  dismissed for lack of subject matter jurisdiction under Rooker–Feldman.

24  _____

25  [1] For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff's state citizenship must be diverse from each defendant, and the amount in controversy must exceed $75,000.  For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a

26  federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr, 369

27  U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).  Plaintiff does not allege diversity jurisdiction.

28

1    Even if Rooker-Feldman were to be construed as inapplicable to this action where plaintiff

2    complains of the courts' denial of her rights under the ADA, and has added parties who were not

3    parties to the state court action, all of the parties except for the state superior and appellate courts

4    must still be dismissed because the individual defendants may not be sued for Title II ADA

5    violations, because the statute is limited to suit against public entities.  See Vinson v. Thomas,

6    288 F.3d 1145, 1155-56 (9th Cir. 2002).

7    Plaintiff will be given leave to amend for the superior and appellate courts only.  Although

8    typically these courts are considered arms of the state and protected by sovereign immunity, see

9    Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir.1987) ("a

10   suit against the Superior Court is a suit against the State, barred by the eleventh amendment")

11   (citation omitted), an exception exists for Title II cases brought under the ADA.  Hason v.

12   Medical Bd. Of California, 279 F.3d 1167, 1170 (9th Cir. 2002) (noting Congress specifically

13   abrogated state sovereign immunity in enacting Title II of the ADA).

14   Nevertheless, "[c]courts have been loath to recognize statutory authorizations to review

15   state court judgments."  Doe v. Mann, 415 F.3d 1038, 1043 n. 7 (9th Cir. 2005), quoting Dale v.

16   Moore, 121 F.3d 624, 627 (11th Cir.1997) (holding the Americans With Disabilities Act "does

17   not provide an independent source of federal court jurisdiction that overrides the application of

18   the Rooker–Feldman doctrine" even though the ADA subjects state public entities to the terms of

19   the act).  In rare cases, where Congress chooses to permit federal review of state court judgments,

20   it has been through a specific exception to Rooker-Feldman or a specific grant of authority.  Doe,

21   415 F.3d at 1044.  In Doe, the statutory language of a federal statute addressing foster care

22   placement and termination of parental rights specifically directed that the "Indian child's tribe

23   may petition any court of competent jurisdiction to invalidate such action upon a showing that

24   such action violated [provisions of the Indian Child Welfare Act].  The Doe court found this

25   language, among other reasons, to be a specific grant to federal courts to review state custody

26   proceedings in certain situations.  Id. at 1047.  Therefore, Rooker-Feldman did not prevent review

27   in those cases.  Id.  Rooker-Feldman has barred a civil rights action containing alleged violations

28   of Title II of the ADA, however, where an attorney sought to appeal a state bar suspension

1  decision, because the federal appeal constituted a "forbidden de facto appeal from suspension

2  proceedings, and the remaining claims were inextricably intertwined with the forbidden appeal."

3  See, Torres v. State Bar of California, 245 Fed. Appx. 644, 2007 WL 2399878 (9th Cir. 2007).

4      It is unclear from the complaint whether plaintiff seeks to claim the state superior and

5  appellate courts violated her rights under the ADA by not providing accommodations to her in her

6  state court action, or whether she seeks review of the substance of that action.  Therefore, plaintiff

7  will be permitted to amend the complaint **only** as to defendants Superior Court of California,

8  County of Solano, and First District Court of Appeal, Division One.  Plaintiff is advised that if

9  she includes any other defendants previously named in her amended complaint, they will be

10  dismissed for the reasons stated herein.

11      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

12  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

13  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

14  each named defendant is involved.

15      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

16  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

17  complaint be complete in itself without reference to any prior pleading.  This is because, as a

18  general rule, an amended complaint supersedes the original complaint.  See Forsyth v. Humana,

19  Inc., 114 F.3d 1467, 1474 (9th Cir.1997), *overruled in part on other grounds*, Lacey v. Maricopa

20  County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  Once plaintiff files an amended complaint,

21  the original pleading no longer serves an operative function in the case.  Therefore, in an

22  amended complaint, as in an original complaint, each claim and the involvement of each

23  defendant must be sufficiently alleged.

24  REQUEST FOR PERMISSION TO UTILIZE ELECTRONIC FILING SYSTEM

25      Plaintiff has also filed a request for permission to utilize the court's electronic filing

26  ("ECF") system.  (ECF. No. 3).  The local rules of this court provide that "[a]ny person appearing

27  pro se may not utilize electronic filing except with the permission of the assigned Judge or

28  Magistrate Judge."  E. D. Cal. L. R. 133(b)(2).  Requests to use electronic filing may be

submitted as written motions setting out an explanation of reasons for the requested exception.  E. D. Cal. L. R. 133(b)(3).

Plaintiff has provided no reasons for the need to use electronic filing.  Therefore, her request is denied.

CONCLUSION

Good cause appearing, IT IS ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order.  The amended complaint must comply with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint;" plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint will result in a recommendation that this action be dismissed.

3.  Plaintiff's request for permission to use the court's electronic filing system, filed December 1, 2014, (ECF No. 3), is denied.

Dated: January 30, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Phelps2794.ifp